IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| EMMA J. BRACEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:10-cv-992-MEF |
| v. | ) | |
| | ) | |
| MICHAEL PATRICK, et al., | ) | (WO- DO NOT PUBLISH) |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On November 22, 2010 Emma J. Bracewell ("Bracewell") filed a complaint alleging that Samson Police Officer Michael Patrick used excessive force against her on the night of November 22, 2008. (Doc. # 1). The defendants—Michael Patrick ("Patrick"), the Samson Police Department ("the Department" or "SPD"), and the City of Samson ("the City") filed a Motion to Dismiss Bracewell's claims against them. (Doc. # 7). The Motion, in the alternative, requests a more definite statement. *Id.* For the reasons set out in this opinion, that Motion is due to be GRANTED.

**II. JURISDICTION AND VENUE**

This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 (supplemental). The parties do not assert that this Court lacks personal jurisdiction over them, and there is no dispute that venue is proper pursuant to 28 U.S.C. § 1391(b).

**III. LEGAL STANDARD**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. Therefore, for

the purposes of adjudging a Rule 12(b)(6) motion to dismiss, the court will accept as true all well-pleaded factual allegations and view them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007).

While Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as a general matter, to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. It is not sufficient that the pleadings merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561 (internal quotation and alteration omitted).

Rule 12(e) provides that a party may move for a more definite statement of a pleading if the pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Such a motion must point to the deficiencies in the complaint and the details desired in the more definite statement.

## IV.  FACTS[1] AND PROCEDURAL HISTORY

On November 22, 2008, Bracewell claims she was at a friend's house caring for a sick puppy when beer was spilled on her clothing.  She claims she was not drinking alcohol that night.  On the way home from her friend's house, Bracewell stopped at SPD to deliver some information.  While there she spoke to Patrick.  As she was leaving the Department, Patrick "spun [Bracewell] around causing her to fall on the rug just inside the door abraising her knee and the top of her right foot."  (Doc. # 1 ¶ 9).  Patrick then lifted Bracewell off the floor by her right arm, bruising it in the process.  He then escorted her to the back of the office and pushed her into a chair, bruising the backs of her legs.

Patrick asked Bracewell to take a breathalyzer test, but she refused because she claimed she had not been drinking.  Patrick arrested Bracewell for driving while under the influence of alcohol and took her to the Geneva County Jail.  Bracewell was incarcerated there from Friday November 22, 2008 until 9:00 on the morning of Monday, November 24, 2008.[2]  Patrick also tried to impound Bracewell's car, but decided to have her father pick it up since a dog was inside.  When Bracewell's father appeared at SPD to collect the vehicle, Patrick told Bracewell's father that she had tripped and fallen.  After being released from the county jail, Bracewell sought medical treatment for her injuries.

---

[1]  This recitation of facts is derived from the plaintiff's complaint.  As is required on a Motion to Dismiss, the Court will take as true all pleaded factual allegations.

[2]  While Bracewell claims she was incarcerated on Friday, November 22, 2008, the Court takes judicial notice that in 2008, Friday fell on November 21.

On November 22, 2010, Bracewell filed this suit against Patrick, SPD, and the City alleging that Patrick used excessive force in violation of the Eighth Amendment when he used physical force against her without provocation. Bracewell also brings claims for relief through 42 U.S.C. § 1983 for false imprisonment, invasion of privacy, and trespass to person or personal property[3] in addition to the state law claims of assault and battery. She seeks $500,000 in compensatory damages, $500,000 in punitive damages, and injunctive relief.[4]

All three defendants have moved to dismiss Bracewell's complaint pursuant to Rule 12(b)(6) for failure to state a claim, or in the alternative for a more definite statement of the claims brought against them pursuant to Rule 12(e). Additionally, Patrick asserts that he has both state agent and qualified immunity against suit in this case.

## V. DISCUSSION

### A. The Samson Police Department

SPD is not a legal entity capable of being sued. *Cf. Dean v. Barber*, 951 F. 1210, 1214–15 (11th Cir. 1992) (finding that a sheriff's department was not a legal entity capable of suit). Accordingly, the SPD seeks dismissal of Bracewell's claims against it.

---

[3] The recitation of these claims is found in the introduction to the complaint. No reference to these claims is found in the body of the complaint itself.

[4] While Bracewell claims in the introduction to her complaint that she seeks injunctive relief pursuant to § 1983, she does not request the same relief in the body of her complaint. Nowhere does she specify the type of injunctive relief requested.

Bracewell totally ignores this argument in her response, stating instead that "cities and counties are not immune from § 1983 litigation." (Doc. # 13 at 11).  The issue here is not whether SPD has immunity, "but whether the Department is a legal entity subject to suit." *Dean*, 951 F.2d at 1214.  As SPD is not subject to suit, Bracewell's claims against SPD are due to be dismissed with prejudice.

### B. *The City of Samson*

The City moves to dismiss all claims against it on the basis that Bracewell has pled absolutely no factual allegations regarding any misconduct on the part of the City.  In her response, Bracewell claims that she has adequately pled negligent hiring, training, and supervision causes of action against the City, even going so far as to claim the facts she alleged "give a clear picture" of the City's negligence.[5]  (Doc. # 13 at 11).  The Court adamantly disagrees that Bracewell's complaint gives a clear picture of the claims against the City.  The complaint does not contain a single factual allegation or legal conclusion regarding any wrongdoing on the part of the City.  *Iqbal* requires that a plaintiff plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. at 1950.  In this case, Bracewell has failed to alleged any misconduct against this City, let alone any factual content to support such allegations.  Accordingly, Bracewell's claims against the City are

---

[5] Bracewell does not include negligent supervision, training, or hiring on the list of causes of action set out in the introduction to her complaint.

5

due to be dismissed without prejudice.[6]

The City also moves for dismissal of any punitive damages claims brought against it on the basis that punitive damages are not recoverable against municipalities under § 1983 or under state law.  *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding that punitive damages are not recoverable against a municipality in a § 1983 action); Ala. Code (1975) § 6-11-26 ("Punitive damages may not be awarded against the State of Alabama or any county or municipality thereof. . . ").  Bracewell presents no argument to the contrary.  Therefore, to the extent that Bracewell has attempted to bring a claim for punitive damages against the City, her claims are due to be dismissed with prejudice.

### C. Bracewell's § 1983 claims against Officer Patrick

Section 1983 provides a remedy when a person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or

---

[6] If Bracewell wishes to amend her complaint to replead claims against the City of Samson, she should be aware of the requirements for bringing a § 1983 suit against a municipality.  Under § 1983, there is no *respondeat superior* liability; a municipality may not be sued under § 1983 for the acts of others.  *See Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir. 1998) (municipality may not be liable for the wrongful actions of its police officers pursuant to a *respondeat superior* theory of liability).  "Instead, a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation."  *Id.*  **It is incumbent upon a plaintiff seeking to hold a municipality liable pursuant to § 1983 to identify the municipal policy or custom that he contends caused his injury to be inflicted.**  *Id.*

treaties of the United States.  See, e.g., 42 U.S.C. § 1983;[7] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.") (internal quotes omitted); *Cummings v. DeKalb Cty.*, 24 F.3d 1349, 1355 (11th Cir. 1994).  In the introduction to her Complaint, Bracewell announces that her suit includes claims for relief pursuant to § 1983 for excessive force, false imprisonment, invasion of privacy, and trespass to person or personal property.  (Doc. # 1).  However, the only cause of action pursuant to § 1983 listed in the body of the complaint is Bracewell's claim that Patrick violated her Eighth Amendment rights when he used excessive force against her. Bracewell sues Patrick in both his official and individual capacities.[8]

---

[7] Section 1983 provides in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[8] To the extent that Bracewell wishes to sue Patrick in his official capacity, her claim is a claim against the City.  In *Kentucky v. Graham*, 473 U.S. 159 (1985), the United States Supreme Court sought to eliminate lingering confusion about the distinction between personal-capacity and official-capacity suits.  Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Id.*, at 165 (quoting *Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 690, n.55 (1978)). Thus, suits against municipal officials in their official capacity therefore should be treated as suits against the municipality. *See, e.g.*, *Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir. 1999) (a suit against a governmental official in his official capacity is deemed a suit against the entity that he represents).  "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official,

7

### *1. Excessive force claim pursuant to the Eighth Amendment*

The first step in analyzing a § 1983 excessive force claim is to identify the specific constitutional right allegedly infringed by the application of force. *Graham v. Connor*, 490 U.S. 386, 394 (1989). Bracewell identifies the Eighth Amendment as the source of constitutional protection applicable in this case. (Doc. # 1 ¶ 15). However, the Eighth Amendment's prohibition on cruel and unusual punishment applies only to individuals convicted of crimes. *Whitley v. Albers,* 475 U.S. 312, 319 (1986); *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985) (finding that the Eighth Amendment "applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime"). According to Bracewell's allegations, she was a free citizen at the time she was subjected to excessive force.[9] Therefore, the protections of the Eighth Amendment are inapplicable in this case, and Bracewell's claims for excessive force against Patrick in his official and individual capacities are due to be dismissed with prejudice to the extent that they are brought based on the Eighth Amendment.

### *2. Excessive force claims pursuant to the Fourth Amendment*

From the few facts before the Court, it appears that Bracewell was subjected to

---

the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal citations and quotations omitted).

As discussed above, Bracewell has failed to allege any misconduct on the part of the City, and accordingly her claims against Patrick in his official capacity are due to be dismissed without prejudice.

[9] *See, e.g.*, Bracewell's brief which reads "[a]t the time that Officer Patrick was abusing Ms. Bracewell, she was not under arrest." (Doc. # 13 at 7).

force during the course of an arrest, before pre-trial detention had commenced. Accordingly, her excessive force claim would be properly analyzed under the Fourth Amendment. *Graham*, 490 U.S. at 396. In his reply brief, Patrick argues that even if Bracewell had brought her claim pursuant to the correct constitutional amendment, he would still be entitled to dismissal of the individual capacity claims brought against him on the basis of qualified immunity. The Court agrees. Accordingly, even if Bracewell had correctly brought her excessive force claim pursuant to the Fourth Amendment, her complaint fails to state a claim for which relief can be granted.

"Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). *Accord*, *Hope v. Pelzer*, 536 U.S. 730 (2002). Qualified immunity allows officials to carry out their duties "without fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating the federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citations omitted); *Wood v. Kesler*, 323 F.3d 872 (11th Cir. 2003). Because this defense should be applied at the earliest possible stage of litigation, it is proper for a district court to rule on a claim of qualified immunity asserted in a motion to dismiss. *Gonzalez v. Reno*, 325 F.3d 1228, 1233 (11th 2003). The Court should grant a

9

motion to dismiss on qualified immunity grounds "if the plaintiff's complaint fails to allege a violation of a clearly established constitutional or statutory right." *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1300 (11th Cir. 2007).

To be eligible for qualified immunity, the government officials must first show that they were acting within their discretionary authority. *Gonzalez*, 325 F.3d at 1234. Bracewell has not contested that Patrick was acting within his discretionary authority for purposes of qualified immunity analysis. Therefore, the question before the Court is whether Bracewell has pled facts sufficient to establish the violation of a clearly established constitutional right. "If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The Eleventh Circuit "has established the principle that the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." *Nolin v. Isbell*, 207 F.3d 1253, 1257 (11th Cir. 2000). "A law enforcement officer's right to arrest necessarily carries with it the ability to use some force in making the arrest." *Brown v. City of Huntsville*, 608 F.3d 724, 740 (11th Cir. 2010). A Court should evaluate the reasonableness of the force applied by considering (1) the need for the application of force, (2) the relationship between the need and the amount of force used, and (3) the extent of the injury inflicted. *Lee*, 284 F.3d at 1198.

Weighing these factors, the Court does not find that Patrick's use of force amounts

to a constitutional violation. Bracewell's complaint includes no information about the need for any force, other than the fact that Patrick was attempting to arrest Bracewell when the force was applied.  The amount of force used, however, is de minimis.  Patrick "spun [Bracewell] around," "grabbed the top part of [her] right arm," and "jerked her into a folding chair."  (Doc. # 1 at ¶¶ 9–10).  As a result of the force applied, Bracewell sustained a scrape on her right knee and foot, and bruises to her upper right arm and the backs of her thighs.  Bracewell does allege that she sought medical attention as a result of her injuries, but does not indicate that any treatment was necessary.

This analysis is consistent with Eleventh Circuit decisions in which the Court found that because only de minimis force had been used, no constitutional violation had occurred.  In *Nolin*, the arresting officer "grabbed [Nolin] from behind by the shoulder and wrist, threw him against a van three or four feet away, kneed him in the back and pushed his head into the side of the van, searched his groin area in an uncomfortable manner, and handcuffed him." 207 F.3d at 1255.  The use of force caused Nolin to suffer "bruising to his forehead, chest, and wrists."  *Id.*  The Court found that the force applied and the injury sustained were both too minimal to defeat the officer's qualified immunity. *Id.* at 1258.

The fact that the officers had probable cause to arrest Nolin strengthens the Circuit's de minimis force analysis.  *Cf Williams v. Sirmons*, 307 Fed. App'x 354, 360–61 (11th Cir. 2009) (citing to *Nolin* for the proposition that "where an arrest *is supported by*

11

*probable cause*, the application of de minimis force" does not amount to a constitutional violation) (emphasis added). In this case, Patrick had probable cause to arrest Bracewell for driving under the influence. She admittedly drove herself to the police station with alcohol spilled on her clothing, and adamantly refused to take a breathalyzer test.

After balancing the right of the officer to use force during an arrest and a citizen's right to be free from excessive force, the Court find that Bracewell's complaint does not state sufficient facts to establish a constitutional violation. The force Patrick applied to Bracewell was even more minimal than the force described in *Nolin*. An officer is entitled to qualified immunity for use of force during an arrest if an objectively reasonable officer in the same situation could have believed the use of force was not excessive. *Brown*, 608 F.3d at 738. A reasonable officer in Patrick's shoes could believe that grabbing Bracewell's arm and pushing her into a chair was not excessive. Accordingly, Patrick is entitled to qualified immunity, and Bracewell's Fourth Amendment excessive force claim against Patrick in his individual capacity is dismissed with prejudice.[10]

---

[10] Bracewell seems to argue that because she had to seek medical attention for her injuries, Patrick's use of force is automatically excessive. (Doc. # 13 at 7–8). This is simply not a correct statement of the law. While degree of injury is certainly a factor to consider, it is not determinative. *See Lee*, 284 F.3d at 1198. In *Rodriguez v. Farrell*, 280 F.3d 1341, 1351 (11th Cir. 2002), the Eleventh Circuit found that officers who had used routine handcuffing techniques on a suspect with an injured arm did not use excessive force, despite the fact that the handcuffing caused the displacement of a bone fragment in the suspect's arm, forcing him to undergo 25 surgeries and ultimately an amputation.

### *3. Other claims brought pursuant to § 1983*

Patrick has requested that the Court order Bracewell to supply factual allegations in support of each of the claims found in the introduction of Bracewell's complaint, namely false imprisonment, invasion of privacy, and trespass to person or personal property. As these claims are not supported by any factual allegations in the body of the complaint, the pleading "is so vague or ambiguous" that the defendants "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Officer Patrick alternatively invokes the defense of qualified immunity, but based on the dearth of facts contained in the complaint, the Court, at this time, cannot determine whether or not Bracewell has pled facts establishing a violation of clearly established federal law.

Therefore, as ordered below, the Court will impose on Bracewell a deadline for filing a more definite statement of the claims she is bringing against Patrick pursuant to § 1983.

### *D. State law claims for assault and battery*

Bracewell also alleges that "[t]he actions of defendant Patrick in using physical force against the Plaintiff without need or provocation constituted the tort of assault and battery under the law of Alabama." (Doc. # 1 at ¶ 16). Alabama law establishes three elements of a cause of action for assault and battery: (1) that the defendant touched the plaintiff; (2) that the defendant intended to touch the plaintiff; and (3) that the touching was conducted in a harmful or offensive way. *Ex parte Atmore Cmty. Hosp.*, 719 So. 2d

1190, 1193 (Ala. 1998); Michael L. Roberts, Gregory S. Cusimano, Alabama Tort Law § 28.01 (5th ed. 2010).

Patrick argues that Bracewell's assault and battery claim should be dismissed because Patrick is entitled to state-agent immunity under Ala. Code (1975) § 6-5-338.[11] The Alabama legislature has granted statutory immunity from tort liability to municipal police officers for "conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties." Ala. Code (1975) § 6-5-338(a). The Alabama Supreme Court elaborated upon the statutory grant of immunity in *Ex parte Cranman*, 792 So. 2d 392, 405 (Ala. 2000), setting out five categories of conduct which

---

[11] The statute provides in part:
Every peace officer, except constables, who is employed or appointed pursuant to the Constitution or statutes of this state, whether appointed or employed as such peace officer by the state or a county or municipality thereof, or by an agency or institution, corporate or otherwise, created pursuant to the Constitution or laws of this state and authorized by the Constitution or laws to appoint or employ police officers or other peace officers, and whose duties prescribed by law, or by the lawful terms of their employment or appointment, include the enforcement of, or the investigation and reporting of violations of, the criminal laws of this state, and who is empowered by the laws of this state to execute warrants, to arrest and to take into custody persons who violate, or who are lawfully charged by warrant, indictment, or other lawful process, with violations of, the criminal laws of this state, shall at all times be deemed to be officers of this state, and as such shall have immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the line and scope of his or her law enforcement duties.
Ala. Code (1975) § 6-5-338.

could give rise to immunity.  Specifically, a peace officer[12] "shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim" involves "exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons, or serving as peace officers under circumstances entitling such officers to immunity pursuant to § 6-5-338(a), Ala. Code 1975." *Hollis v. City of Brighton*, 950 So. 2d 300, 309 (Ala. 2006).  No immunity is available, however, "when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law." *Cranman*, 792 So. 2d at 405.

In this case, Patrick allegedly assaulted Bracewell while trying to arrest her for driving under the influence.  Discretionary functions are defined as "those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances." *Borders v. City of Huntsville*, 875 So. 2d 1168, 1178 (Ala. 2003).  Performing or attempting to perform an arrest is generally considered a discretionary function, as "[t]here is no hard and fast rule concerning when there is probable cause to arrest a person . . ." *Ex parte Duvall*, 782 So. 2d 244, 248 (Ala. 2000). Accordingly, this Court finds that Patrick was performing a discretionary function when

---

[12] The Alabama Supreme Court has said that police officers fall within the category of peace officers.  *See Borders v. City of Huntsville*, 875 So. 2d 1168, 1178 (Ala. 2003).

he arrested Bracewell.

Since Patrick was a peace agent performing a discretionary function, state-agent immunity shields him from tort liability except to the extent that his arrest of Bracewell for driving under the influence was willful or malicious in nature or performed in bad faith.

Bracewell's complaint alleges that Patrick's actions were done "maliciously," albeit only in reference to Patrick's use of excessive force. (Doc. # 1 at ¶ 15). However, she include no facts whatsoever to support that conclusion. In her response to the Defendants' motion, Bracewell argues that Patrick's use of force in and of itself demonstrates that he was acting with malice. The Court disagrees.

"The Supreme Court of Alabama has indicated that courts should not employ pure speculation to find ill will or malice." *Roberts v. City of Geneva*, 114 F. Supp. 2d 1199, 1216 (M.D. Ala. 2000) (DeMent, J.) (citing *Couch v. City of Sheffield*, 708 So. 2d 144, 153 (Ala. 1998)). The use of force during the course of an arrest cannot alone demonstrate that Patrick's actions were malicious. Bracewell's allegations do not allow the Court to draw the inference that Patrick was acting with malice. Accordingly, he is entitled to state agent immunity, and the assault and battery claims against him are dismissed with prejudice.

## VI. CONCLUSION

It is hereby ORDERED that the Defendant's Motion to Dismiss, or in the

alternative for a more definite statement is GRANTED.  Bracewell's claims against the Samson Police Department, punitive damages claims against the City, Eighth and Fourth Amendment excessive force claims, and state law assault and battery claims are DISMISSED with prejudice.  Bracewell's non-punitive damages claims against the City are DISMISSED without prejudice.

It is further ORDERED that Bracewell file a more definite statement of the false imprisonment, invasion of privacy, and trespass to person or personal property claims within 14 days after entry of this order. Patrick has indicated his desire to raise the defense of qualified immunity, Bracewell's amended complaint must include factual allegations sufficient to establish that Patrick violated clearly established federal law in order to overcome his immunity.  If Bracewell does not file a more definite statement within the time period provided, the Court may strike her complaint.  Fed. R. Civ. P. 12(e).

If Bracewell wishes to amend her complaint such that it states a claim against the City of Samson—with the exception of any claim for punitive damages— she may also do so within the 14 day time period.  Bracewell is not permitted to amend any claim dismissed with prejudice by this order.

Done this the 14th day of April, 2011.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE